UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MELISSA J. CRAWFORD, )
)
   Plaintiff, )
)
vs. ) CASE No. 16-CV-421-FHM
)
NANCY A. BERRYHILL, Acting )
Commissioner of the Social Security )
Administration, )
)
   Defendant. )

## OPINION AND ORDER

Plaintiff, MELISSA J. CRAWFORD, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v.*

---

[1] Plaintiff, Melissa J. Crawford's applications were denied initially and upon reconsideration. On June 19, 2014, the United States District Court for the Northern District of Oklahoma remanded the case to the Commissioner of the Social Security Administration. On June 23, 2014 the Appeals Council vacated the final decision of the Commissioner and remanded the case to the Administrative Law Judge for further proceedings consistent with the order of the court including the opportunity for a supplemental hearing. A supplemental hearing before Administrative Law Judge (ALJ) Lantz McClain was held on February 9, 2015. By decision dated April 13, 2015, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 28, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 32 years old on the alleged date of onset of disability and 47 on the date of the denial decision. Plaintiff has a high school education and her past work experience includes customer service representative. Plaintiff claims to have become disabled as of January 1, 2001 due to manic depression and bipolar disorder. [R. 128].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to bipolar disorder. [R. 245]. The ALJ determined that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but is limited to simple repetitive tasks which require no more than superficial contact with supervisors or coworkers, and does not require interaction with the public. [R. 246]. The ALJ determined that Plaintiff has no past

2

relevant work but found based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 251, 253]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly evaluate the medical evidence. [Dkt. 13, p. 5].

## **Analysis**

### Treating Physician's Opinion

Plaintiff argues that the ALJ did not give proper weight to the opinion of treating psychiatrist, Dr. Peter Rao, M.D. Further, the ALJ failed to perform the required analysis to determine the proper weight to give Dr. Rao's opinion after determining it was not entitled to controlling weight. [Dkt. 13, p. 8].

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments,

3

speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. See § 404.1527(d)(2)-(6).

Plaintiff treated with psychiatrist, Peter Rao, M.D., from January 22, 2009 to January 28, 2015. Dr. Rao completed two *Medical Source Statement - Mental*[2] (MSS-M) – one on May 21, 2010; the second on January 28, 2015. [R. 213-14; 607-608]. The MSS-M forms prepared by Dr. Rao indicate Plaintiff had mild limitations in ability to remember locations and work-like procedures; understand and remember very short and simple instructions; carry out very short and simple instructions; make simple work-related decisions; and ask simple questions or request assistance. The MSS-M form dated January 28, 2015 indicates Plaintiff had marked limitations in her ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular

---

[2] The MSS-M forms provide a definition for 'marked' as, "An impairment which seriously affects the claimant's ability to function independently, appropriately, and effectively." [R. 213, 607]. The Commissioner defines the term 'marked' as, "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R., Pt. 404, Subpt. P, App.1, Pt. A, § 12.00(C). The court is cognizant that the differences between the two definitions are minimal.

4

attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; complete a normal work day/week without interruption from psychologically based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods; accept instructions and respond appropriately to criticisms from supervisors; ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and ability to set realistic goals or make plans independently of others.

Psychological consultative examiner, Minor Gordon, Ph.D., performed a psychological evaluation on April 1, 2009 and found Plaintiff had average intelligence; social-adaptive behavior was within normal limits; adequate memory; could pass judgment in work situations; maintain personal hygiene; and could communicate in social circumstances. [R. 175-178]. On April 28, 2009, state reviewing psychologist, Deborah Hartley, Ph.D., found Plaintiff had marked limitations in ability to understand, remember, and carry out detailed instructions; and interaction with the general public. However, Dr. Hartley found Plaintiff had no limitation in ability to understand, remember, and carry out very short and simple instructions. Plaintiff could also adapt to a work situation. [R. 193-95]. State reviewing psychologists, Paul Cherry, Ph.D., and Phillip Massad, Ph.D., concurred with Dr. Hartley. [R. 197-201, 208].

At the hearing on February 9, 2015, medical expert testimony provided by psychiatrist, John F. Simonds, M.D., indicates most of Plaintiff's problems were situational depressions and the cutting and burning behavior was not unusual for depressed persons. [R. 250, 281, 283]. Dr. Simonds was of the opinion that Plaintiff would be capable of

5

performing simple repetitive work that does not require interacting with the public or having to deal with coworkers on a team work basis. [R. 251, 282].

The ALJ found:

> The clamant (sic) apparently sees Dr. Rao at one to three month intervals for medication checks. At these times the physician made notes of the claimant's declarations of how she was doing. However, the contact notes indicate only brief visits with minimal content other than self-declarations made by the claimant. The checklist statements are not backed by clinical data, physician observations, illustrative incidents of psychotic functioning and/or functional incapacity, or other supportive data from which a reviewer can find evidence for the degree of limitation assessed. Accordingly, his checklist opinion statement, while duly considered, is not given dispositive or controlling weight.

\* \* \*

> While Dr. Rao's checklist opinion statement has been duly considered, the undersigned does not find it entitled to controlling weight. The degree of limitation assessed is not consistent with the whole of the evidence, does not provide clinical data that support the degree of limitation asserted, is not supported by the contact and encounter reports which corroborate the degree of limitation asserted, and gives no basis for data of record from which an independent reviewer can find the basis for the degree of limitation assessed other than the self-declarations of the claimant.

[R. 248, 252].

Plaintiff argues that the ALJ erred in adopting the opinions of the non-examining, non-treating medical consultants over that of her treating psychiatrist. [Dkt. 13, p. 11]. The court disagrees. The ALJ noted that much of Plaintiff's problem appeared to be stress induced and there was no evidence Dr. Rao attempted to test Plaintiff's ability to actually perform work-like activities. The ALJ's evaluation of Plaintiff's mental impairments is supported by record evidence including the opinions of state agency psychological

6

consultants, Drs. Gordon, Hartley, Cherry, Massad, and medical expert, Dr. Simonds. The severe limitations found by Dr. Rao were inconsistent with these five mental healthcare professionals who found Plaintiff was capable of performing simple work tasks with routine supervision; no interaction with the general public, and superficial contact with supervisors and peers. [R. 175-178; 179-196; 197-201]. The ALJ thoroughly discussed the record evidence and noted the lack of evidentiary support for Dr. Rao's opinions. The ALJ made a reasonable choice between conflicting opinions and appropriately specified the reasons for that choice. The court finds that the ALJ considered appropriate factors in his rejection of Dr. Rao's opinion and that the ALJ's decision is supported by substantial evidence.

Plaintiff contends that because the reviewing psychologists did not have access to Dr. Rao's MSS-M forms or the records contained in Exhibits 9F through 16F, [R. 209-231; 436-615]; and the testifying medical expert did not have Exhibits 14F through 16F, [R. 282-3; 585-615], their opinions have limited probative value. [Dkt. 13, p. 12]. However, the denial decision contains approximately three single spaced pages that accounts for the ALJ's thorough summary and discussion of Dr. Rao's medical records including the two MSS-M forms. [R. 247-49; 252]. The ALJ found nothing in the later medical records cited by Plaintiff that provide support for the disabling limitations found by Dr. Rao and Plaintiff has not shown any material change in the relevant medical record which would render the opinions of the state agency psychologists stale. See *Chapo v. Astrue*, 682 F.3d 1285, 1293 (10th Cir. 2012) (opinion of agency examining consultant was "patently stale" when the relevant medical record had "material changes" after his opinion was given). Thus, the opinions of the state agency psychologists were substantial evidence upon which the ALJ

was entitled to rely.

## Weight of Opinion Evidence

Plaintiff argues that the ALJ erred by failing to identify the weight he assigned to Dr. Rao's opinions after he decided not to give them controlling weight. [Dkt. 13, p. 13]. The ALJ did not explicitly state the weight accorded to Dr. Rao's opinions, however, the omission did not affect the outcome of the case. Clearly, the ALJ gave Dr. Rao's opinions some weight by accepting his diagnosis as well as some of his functional limitations. Although the ALJ rejected the more extreme aspects of Dr. Rao's opinions, he did accept the "mild" impairment in ability to carry out, understand, and remember very short and simple instructions. [R. 245, 607-608]. These impairments were accounted for in the ALJ's RFC assessment by limiting Plaintiff to simple repetitive tasks. [R. 246].

The ALJ also failed to articulate what weight he accorded to the examining and reviewing physicians. It is clear, however, that he considered those opinions as the ALJ's decisional RFC contains the same limitations found by the state agency psychologists. The ALJ's failure to specify the weight given each medical opinion is not cause for reversal of the decision. Review requires the court to use common sense, not technical perfection, as its guide. *Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012). The ALJ's citation to the medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating sources' medical opinion and the reasons for that weight. 20 C.F.R. § 404.1527.

**CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 24th day of May, 2017.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE